UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:

| | |
|---|---|
| NEIL LEVETT | CIVIL ACTION NO. 3:22-cv-00742 |
| V. | |
| WALMART INC. | JUNE 3, 2022 |

## DEFENDANT, WALMART INC.'s, NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The below named defendant, Walmart Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C.A. § 1332(a) and § 1441, hereby remove this action from the Superior Court, Judicial District of Hartford, in the State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

1. The plaintiff, Neil Levett ("Plaintiff"), commenced an action by service of process on or about May 4, 2022 against the Defendant in state court entitled, *Neil Levett v. Walmart, Inc.*, Docket No. HHD-CV22-6155491-S, and returnable to the Superior Court, Judicial District of Hartford. A copy of the referenced Summons, Complaint, and Return of Service are attached hereto as **Exhibit A**.

2. This Notice of Removal is timely and filed with this Court within thirty (30) days after receipt by Defendant of the initial pleadings setting forth the claims for relief upon which this action is based. The Defendant was served on or around May 4, 2022.

3. In his Complaint, the Plaintiff alleges a negligence action against the Defendants and seeks unspecified damages. The Plaintiff, Neil Levett alleges that he sustained injuries in a fall, which

- 1 -

" was a direct and proximate result of the negligence and carelessness of the defendant, acting by and through its agents, servants, managers, supervisors, or employees, in one or more of the following ways: (a) in that the defendant failed to maintain said floor in a reasonably safe condition; (b) in that the defendant failed to clean up the substance on said floor; (c) in that the defendant failed to inspect the floor for the presence of slippery substances; (d) in that the defendant failed to have an adequate inspection policy to maintain the safety of its floors; (e) in that the defendant failed to adequately and sufficiently warn of the presence of a liquid on the floor; (f) in that the defendant failed to employ competent staff to inspect the floor and/or clean the floor of the liquid; (g) in that the defendant failed to train its employees on maintenance, inspection and safety issues; (h) in that the defendant failed to provide the plaintiff and other persons lawfully upon the premises with a reasonably safe premises; (i) in that the defendant, in the exercise of reasonable care and inspection should have known of the dangerous and defective condition and should have taken measures to remedy and correct same, but the defendant failed to do so; and/or (j) in that the defendant allowed or permitted the aforesaid dangerous and/or defective condition to exist for an unreasonable period of time, yet took no measures to make the entrance to its store safe for the plaintiff and other persons lawfully on the premises." See Exhibit A, Complaint at ¶ 9. The Plaintiff, Neil Levett further claims that "as a result of the aforementioned incident, and the negligence and carelessness of the defendant the plaintiff Neil Levett suffered the following injuries, some or all of which may be permanent in nature: (a) head injury; (b) subarachnoid hemorrhage in the left frontal lobe; (c) exacerbation of a pre-existing head injury; (d) headaches; (e) tremors; (f) issues with memory, speech, sequencing, and cognition; and (g) pain and suffering, both mental and physical. Id. at ¶ 10. The Plaintiff, Neil Levett, alleges that he has "required medical care and has been forced to incur financial obligations for hospital and

medical care and treatment, diagnostic studies, physical therapy, occupational therapy, speech therapy, medicines, and the like, and may be obligated for further such sums in the future." Id. at ¶ 11. The Plaintiff, Neil Levett, alleges that he "has been, and in the future will likely continue to be, unable to pursue her [sic] usual activities to the same extent as prior to the collision [sic], all to her [sic] further loss and detriment. Id. at 12. Based on the Plaintiff's allegations including allegations of a head injury, the aggravation of a pre-existing head injury, speech difficulties and cognitive difficulties, the damages claimed in this case, if substantiated, exceed $75,000.00.

4. According to the Summons filed by the Plaintiff, he resides in Newington, Connecticut. Defendant, Walmart Inc. is a Delaware corporation with a principal place of business in Bentonville, Arkansas. There is complete diversity of citizenship between the Plaintiff and the Defendant.

5. The above-entitled action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and thus may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441.

6. This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action wherein the amount in controversy exceeds the sum of or the value of $75,000.00 exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states.

Dated this 3rd day of June 2022.

THE DEFENDANT

By: /s/ *George C. Springer, Jr.*
George C. Springer, Jr. [ct03263]
Eric B. Caines [ct30049]
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460
Tel: (860) 256-6350
Fax: (860) 278-2179
E-mail: gspringer@roginlaw.com
ecaines@roginlaw.com

- 4 -

## CERTIFICATION

This is to certify that a copy of the foregoing was served electronically this 3rd day of June 2022 and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Alexa L. Mahony, Esquire
Connecticut Trial Firm, LLC
437 Naubuc Avenue, Suite 107
Glastonbury, CT 06033

service@cttrialfirm.com

/s/ *George C. Springer, Jr.*
George C. Springer, Jr. [ct03263]

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548 – 2700 | JUNE 7, 2022 |

| ☒ Judicial District  G.A. ☐ Housing Session  ☐ Number: | At (City/Town) Hartford | Case type code (See list on page 2) Major: T   Minor: 03 |
|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Connecticut Trial Firm, LLC, 437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 | 436558 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 471 – 8333 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) service@cttrialfirm.com |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Levett, Neil<br>Address: 8 Eddy Lane, Newington, CT 06111 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Walmart, Inc., 702 SW 8th Street, Bentonville, AR 72716<br>Address: AGENT FOR SERVICE: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 05/04/2022 | Signed (Sign and select proper box) *Alexa L. Mahony* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing Alexa L. Mahony |
|---|---|---|---|

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
|---|
| File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Print Form    Page 1 of 2    Reset Form

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.
   Do not use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| | | | | T 40 | Assault and Battery |
| Housing | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 69 | Animals - Other |
| | H 50 | Housing - Administrative Appeal | | T 70 | False Arrest |
| | H 60 | Housing - Municipal Enforcement | | T 71 | Fire Damage |
| | H 90 | Housing - All Other | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | | |
|---|---|---|
| RETURN DATE: JUNE 7, 2022 | : | SUPERIOR COURT |
| NEIL LEVETT | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| WALMART, INC. | : | MAY 4, 2022 |

## COMPLAINT

1. On December 9, 2021, the plaintiff, Neil Levett was a patron and business invitee of a Walmart store located at 3164 Berlin Turnpike, Newington, Connecticut (hereinafter "the premises" or "the establishment").

2. On December 9, 2021, and at all relevant times mentioned herein, the defendant Walmart, Inc., was and is a business entity organized and existing under the laws of the state of Arkansas, conducting business in Connecticut, with a principal place of business in Bentonville, Arkansas.

3. On December 9, 2021, and at all relevant times mentioned herein, the defendant Walmart, Inc., (hereinafter "Walmart") its agents, servants, or employees, owned, operated, managed, possessed, maintained, conducted, or controlled the premises.

4. Defendant Walmart, acting by and through agents, servants, or employees, did invite members of the general public to enter and patronize said premises on December 9, 2021.

5. At all times mentioned herein, and for some time prior thereto, the interior cart corral area in the Walmart store was in a dangerous and defective condition, due to the presence of liquid on the floor.

CONNECTICUT TRIAL FIRM, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 • 860.471.8333 • Facsimile: 860.471.8332
Iuris No. 436558

6. At all times mentioned herein, as the plaintiff entered the interior cart corral area, he was suddenly and without warning, caused to slip and fall on said liquid, causing the plaintiff to sustain and suffer the personal injuries and losses hereinafter set forth.

7. On said date and for some time prior thereto, the defendant knew or in the exercise of reasonable care should have known of the dangerous and defective condition of its floor.

8. At all times mentioned herein, the defendant had a nondelegable duty to exercise reasonable and proper care to maintain said premises, including the floor surrounding the interior cart corral in a reasonably safe condition.

9. The aforementioned fall, was a direct and proximate result of the negligence and carelessness of the defendant, acting by and through its agents, servants, managers, supervisors, or employees, in one or more of the following ways:

    a) IN THAT the defendant failed to maintain said floor in a reasonably safe condition;

    b) IN THAT the defendant failed to clean up the substance on said floor;

    c) IN THAT the defendant failed to inspect the floor for the presence of slippery substances;

    d) IN THAT the defendant failed to have an adequate inspection policy to maintain the safety of its floors;

    e) IN THAT the defendant failed to adequately and sufficiently warn patrons such as the plaintiff of the presence of a liquid on the floor;

    f) IN THAT the defendant failed to employ competent staff to inspect the floor and/or clean the floor;

    g) IN THAT the defendant failed to train its employees on maintenance, inspection, and safety issues;

    h) IN THAT the defendant failed to provide the plaintiff, and other persons

**CONNECTICUT TRIAL FIRM**, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 • 860.471.8333 • Facsimile: 860.471.8332
Iuris No. 436558

lawfully upon the premises with a reasonably safe premises;

i) IN THAT the defendant, in the exercise of reasonable care and inspection should have known of the dangerous and defective condition and should have taken measures to remedy and correct same, but the defendant failed to do so; and/or

j) IN THAT the defendant(s) allowed or permitted the aforesaid dangerous and/or defective condition to exist for an unreasonable period of time, yet took no measures to make the area surrounding the carts safe for the plaintiff and other persons lawfully on the premises.

10. As a result of the aforementioned incident, and the negligence and carelessness of the defendant, the plaintiff, Neil Levett, suffered the following injuries, some or all of which may be permanent in nature:

   a. head injury

   b. subarachnoid hemorrhage in the left frontal lobe;

   c. exacerbation of a pre-existing head injury;

   d. headaches;

   e. tremors;

   f. issues with memory, speech, sequencing, and cognition; and

   g. pain and suffering, both mental and physical.

11. As a further result thereof, the plaintiff required medical care, and has been forced to incur financial obligations for hospital and medical care and treatment, diagnostic studies, physical therapy, occupational therapy, speech therapy, medicines, and the like, and may be obligated for further such sums in the future.

12. As a further result thereof, the plaintiff, Neil Levett, has been, and in the future will likely continue to be, unable to pursue her usual activities to the same extent as prior to the collision, all to her further loss and detriment.

**CONNECTICUT TRIAL FIRM**, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 • 860.471.8333 • Facsimile: 860.471.8332
Iuris No. 436558

WHEREFORE, the plaintiff claims:

1. Monetary damages;

2. Such other legal and equitable relief as the Court deems proper.

                                            THE PLAINTIFF,
                                            NEIL LEVETT

                                            */s/ Alexa L. Mahony*
                                            Alexa L. Mahony, Esq.
                                            Connecticut Trial Firm, LLC
                                            437 Naubuc Avenue
                                            Suite 107
                                            Glastonbury, CT 06033
                                            Tel:   (860) 471-8333
                                            Fax:   (860) 471-8332
                                            Juris No. 436558

**CONNECTICUT TRIAL FIRM**, LLC
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 · 860.471.8333 · Facsimile: 860.471.8332
Juris No. 436558

| | | |
|---|---|---|
| RETURN DATE: JUNE 7, 2022 | : | SUPERIOR COURT |
| NEIL LEVETT | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| WALMART, INC. | : | MAY 4, 2022 |

### STATEMENT OF AMOUNT IN DEMAND

The amount of money damages claimed is greater than Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

                                    THE PLAINTIFF,

*Alexa L. Mahony* (signature)
Alexa L. Mahony, Esq.
Connecticut Trial Firm, LLC
437 Naubuc Avenue
Suite 107
Glastonbury, CT 06033
Tel:   (860) 471-8333
Fax:   (860) 471-8332
Juris No. 436558

·5·

**CONNECTICUT TRIAL FIRM, LLC**
437 Naubuc Avenue, Suite 107, Glastonbury, CT 06033 • 860.471.8333 • Facsimile: 860.471.8332
Juris No. 436558